United States Courts
Southern District of Texas
FILED
*May 13, 2025*
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| vs. § § § § | |
| ASIA MONAE HAILEY § aka Momo § § | Case No. 4:21-cr-350-8 |
| **Defendant.** | |

## SENTENCE DATA SHEET

**LEGAL STATUS:** United States Citizen.

**PLEA AGREEMENT:** Pursuant to Rule 11(c)(1)(A), the Defendant agrees to plead guilty to Count 1 of the Superseding Criminal Information. The Defendant agrees to waive the right to appeal and collaterally attack this conviction. At the time of sentencing, the United States agrees to: (1) dismiss the remaining counts in the Second Superseding Indictment as to the Defendant; and (2) if the Court determines that Defendant qualifies for an adjustment under § 3E1.1(a) of the Sentencing Guidelines and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction.

**INDICTMENT:** Count 1: Conspiracy to Commit Sex Trafficking– 18 U.S.C. §§ 371 and 1591(a)(1), (b)(1), (b)(2), and (c).

**ELEMENTS:**
(1) That two or more persons agreed to commit an offense against the United States, namely, sex trafficking of a minor;

(2) That Defendant was a party to or a member of that

agreement;

(3) That Defendant joined the agreement or conspiracy knowing of its objective commit an offense against the United States and intending to join together with at least one other conspirator to achieve the objective; that is, that Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal(s) or objective(s), to commit an offense against the United States; and

(4) That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

*Elements of Sex Trafficking of a Minor: 18 U.S.C. § 1591*

(1) The defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited a person less than 18 years old;

(2) The defendant knew that the child was less than 18 years old, acted in reckless disregard of the child victim's age, or had a reasonable opportunity to view the child victim;

(3) The defendant knew that the person would be caused to engage in a commercial sex act; and

(4) The defendant's act of recruiting, enticing, harboring, transporting, providing or obtaining was in or affecting interstate commerce.

**PENALTY:** A term of imprisonment of not more than five (5) years, and a fine of not more than $250,000.

**ALT. FINE:** N/A

| | |
|---|---|
| **SUPERVISED RELEASE:** | A term of supervised release of not more than three (3) years. If the defendant violates the conditions of the release, then the defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of the supervised release. |
| **SPECIAL ASSESSMENT:** | $100 per count of conviction. |
| **FORFEITURE:** | N/A |