Case 4:21-cr-00350   Document 676   Filed on 11/20/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 4:21-CR-00350 |
| § | |
| CLARENCE CHRISTOPHER § | |
| CHAMBERS, *et al.*, § | |
| Defendants. § | |

## **ORDER**

Pending before the Court is the Federal Public Defender's Office's Ex Parte Motion to Withdraw as Counsel (Dkt. 658). Generally, attorneys "are expected to work through the completion of a case." *In the Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "Good cause must exist for the withdrawal of counsel." *United States v. Austin*, 812 F.3d 453, 456 (5th Cir. 2016). Whether a motion to withdraw should be granted rests within the sound discretion of the Court. *FTC v. Intellipay, Inc.*, 828, F. Supp. 33, 34 (S.D. Tex. 1993) (citing *In re Wynn*, 899 F.2d 644, 646 (5th Cir, 1989)). Defense counsel shoulders the burden of providing "a detailed explanation of the reasons why [he or she] believes that good cause exists for [him or her] to withdraw as counsel." *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996).

After careful consideration, the Court finds that good cause does not exist for the Federal Public Defender's Office to withdraw as counsel. Accordingly, the Motion (Dkt. 658) is **DENIED**.

Additionally, during the hearing on this motion on November 19, 2025, Defendant made an oral motion requesting a continuance of trial. (Dkt. 674). The Court **GRANTS IN PART** Defendant's motion. The Court **ORDERS** the parties to trial on **Monday, December 8, 2025**.

Signed at Houston, Texas on November 20, 2025.

_____
GEORGE C. HANKS, JR
UNITED STATES DISTRICT JUDGE